MARIE L. JOHNSON, an associate of
ASK LAW GROUP,
13949 VENTURA BOULEVARD, SUITE 300
SHERMAN OAKS, CA 91432
Tel:(818) 788-1914

California Bar No. 246374

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA GREEN, <br><br> Plaintiff, <br><br> vs. <br><br> PETER D. KEISLER, Acting Attorney General, Department of Justice; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; ROBERT MEULLER, III, Director of The United States Federal Bureau of Investigation; United States Citizenship and Immigration Services, Chula Vista Sub Office; and the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES <br><br> Defendants, | CV NO: '08 CV 0130 JM LSP <br><br> COMPLAINT FOR A WRIT IN THE NATURE OF MANDAMUS TO COMPEL ADMINISTRATIVE ACTION |

The Plaintiff alleges:

## I. **PARTIES**

**A.   Plaintiff**

1.   Plaintiff, Marina Green, is a resident within the jurisdiction of the Chula Vista Sub Office of the United States Citizenship and Immigration Service ('USCIS').

2. In 2005, Plaintiff was petitioned by her U.S. citizen husband who filed a Petition for Alien Relative (Form I-130) on her behalf. Concurrently, Plaintiff filed an Application to Adjust to Permanent Resident Status (Form I-485). Ms. Marina Green's Alien number is 096-588-594. On April 20, 2006, the Plaintiff appeared before an interviewing officer of the Chula Vista Sub Office of the USCIS for an examination of said Petition for Alien Relative and Application for Adjustment of Status. The officer did not make a final decision, and continued the interview for further review. On December 8, 2006, the Plaintiff appeared before an interviewing officer of the Chula Vista Sub Office of the USCIS for her second interview in regards to her pending petition and application. The officer did not make a final decision and continued the interview for further review. The Plaintiff has made numerous inquiries, requesting adjudication of the petition and application. It has been over two years since said petition and application were filed and to date they remain unadjudicated. Jurisdiction to adjudicate the petition and application lies with the Chula Vista Sub Office of the USCIS and remains pending without resolution.

**B.   Defendants**

3.   Defendant PETER D. KEISLER, is the Acting Attorney General of the United States, and head of the United States Department of Justice.

4.   Defendant MICHAEL CHERTOFF, is Secretary of the United States Department of Homeland Security.

5. Defendant, ROBERT MEULLER, III, is the Director of the

United States Federal Bureau of Investigation.

6. Defendant CHULA VISTA SUB OFFICE of the United States Citizenship and Immigration Services. The principal address of the Chula Vista Sub Office is 1261 3rd Avenue, Suite A, Chula Vista, CA 91911.

7. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, is the federal agency within the United States Department of Homeland Security which is required under the law to supervise, implement and enforce the Immigration and Nationality Act, hereinafter "INA", codified in 8 U.S.C. § 1103 et seq.

## II. JURISDICTION AND VENUE

8. This is an action for mandamus in accordance with the provisions of 28 U.S.C. § 1361 and § 2201. It is brought for the purpose of determining a question of actual controversy between the parties as more fully explained in the remainder of this complaint.

9. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331(a), this being an action which arises under the Constitution and laws of the United States, specifically under the provisions of the INA, 8 U.S.C. § 1151, et seq.; and pursuant to 28 U.S.C. § 1361, this being an action in the nature of mandamus to compel officers and employees of an agency of the United States to perform duties owed to Plaintiff. Plaintiff alleges eligibility for payment of reasonable attorney's fees under the terms of the Equal Access to Justice Act, 28 U.S.C. § 2412.

10. Venue properly lies in this Court pursuant to the

provisions of 28 U.S.C. § 1391(e).

### III. CLAIMS FOR RELIEF

**A. MANDAMUS**

11. Plaintiff has filed a petition and an application, as previously described hereinabove, with Defendants. Defendants have accepted the petition and application, along with their corresponding filing fees. Plaintiff has also submitted all the necessary documents in support of said petition and application. However, through purposeful acts, negligence, poor management and inattention, Defendants have failed to complete the ministerial actions that would result in allowing them to adjudicate Plaintiff's Petition and Application.

12. Numerous inquiries have been conducted requesting information regarding the current status of said petition as well as for the adjudication of said application. These inquiries were submitted in accordance with the procedures established by Defendants for such purposes.

13. Defendants have not taken action to complete the adjudications despite inquiries and requests.

14. Defendants have adjudicated similar petitions and applications filed by persons who are not parties to this action and which were filed subsequent to the application filed by Plaintiffs.

15. Defendants do not employ any reasonable system to safeguard that: (1) files are centrally monitored to guarantee that they are being closed out on a rational, efficient and

nonpreferential basis; or (2) applicants are provided with information on the status of files that have not been adjudicated on a timely basis.

16. Plaintiff has been denied due process of law under the terms of the Fifth Amendment to the United States Constitution by Defendants' neglect and refusal to take action to adjudicate the pending petition and application.

17. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' delay. This harm includes: an unreasonable delay in allowing Ms. Marina Green to establish eligibility for United States citizenship as well as the many benefits, rights, and privileges of United States citizenship; inability to receive promotions or otherwise advance in her career; inability to obtain home or education loans; and generally, continuing mental distress resulting from her unsettled legal condition.

18. There is no reasonable basis for Defendants' position and it is not substantially justified under the law.

19. Defendants have in their possession all information necessary to complete the adjudication of said petition and application. Defendants' refusal to complete this administrative processing is a disregard of their official duty and Plaintiff is wholly without remedy, under the circumstances, unless mandamus is ordered by this Court.

**B. VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

20. Plaintiff re-alleges and incorporates by reference the

1 | allegations set out in paragraphs 1 through 19, inclusive, of this
2 | Complaint as though fully set forth herein.

3 |     21.  The Administrative Procedure Act (APA) provides categorically that every agency "shall within a reasonable time...proceed to conclude any matter presented to it." 5 U.S.C. § 555(b). In recognition that a failure or unwarranted refusal to adjudicate should be enjoined, Congress provided in 5 U.S.C. § 706 et. seq. that courts may review the inaction of an agency and specifically "compel agency action unlawfully withheld or unreasonably delayed." Likewise, the court may "set aside agency action...found to be...arbitrary, capricious, and abuse of discretion (or) contrary to constitutional right, power, privilege or immunity." 5 U.S.C. § 706 et. seq.

    22.  Courts may find unwarranted agency inaction tantamount to denial of an application pending before an agency. 5 U.S.C. § 555(e).

    23.  Defendants' conduct in processing Plaintiff's petition and application as described in the aforementioned allegations, is capricious and arbitrary and results in severe and unwarranted delay to Plaintiff in conferring valuable immigration benefits. The delay so incurred is tantamount to a violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and (e), § 702 and 706 et. seq. Plaintiff has suffered and continues to suffer severe irreparable injury for which there is no adequate remedy at law.

////
///

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That judgment be entered ordering Defendants to forthwith adjudicate the Petition for Alien Relative, Form I-130, and Application for Adjustment of Status to Permanent Resident, Form I-485;

2. That Defendants be permanently enjoined from refusing to communicate with attorneys for Plaintiff regarding the status of the case;

3. That Defendants be ordered to pay the cost of suit herein;

4. That Defendants be ordered to pay Plaintiff's reasonable attorney's fee for this action;

5. That the Court grant such other and further relief as it may deem to be necessary and proper.

Dated: November 6, 2007        Respectfully submitted,

                               ASK LAW GROUP,

                               _____
                               MARIE L. JOHNSON
                               Attorneys for the Plaintiff

**ORIGINAL**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARINA GREEN

(b) County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marie L. Johnson
13949 Ventura Blvd., Suite 300, Sherman Oaks, CA 91423  818-788-1914

## DEFENDANTS
PETER D. KEISLER, Acting Attorney General, Department of Justice, et al.

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 JAN 23 PM 3:42
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Attorneys (If Known): '08 CV 0130 JM LSP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1361 & 2201
Brief description of cause: Action seeking mandamus to compel administrative action.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12/14/07
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # 146783  AMOUNT 350.—  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
1/23/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

      # 146783      -- SR

         January 23, 2008
            15:27:20


        Civ Fil Non-Pris
USAO #.: 08CV0130 PRLA
Judge..: JEFFREY T MILLER
Amount.:                   $350.00 CK
Check#.: BC2006143



    Total-> $350.00


FROM: GREEN V. KEISLER
      CIVIL FILING
```